```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

RANDY POTTER                                            PETITIONER

VS.                         CIVIL ACTION NO. 5:08-cv-290(DCB)(MTP)

BRUCE PEARSON                                           RESPONDENT

<u>ORDER</u>

This cause is before the Court on the "Petitioner's Objections to the Court's Order to Dismissed [<u>sic</u>] His Section 2241 [<u>sic</u>]" **(docket entry 20).** Having carefully considered the motion and the applicable law, the Court finds as follows:

Objections to a court's order adopting a report and recommendation and dismissing a petitioner's § 2241 motion are treated as a motion for reconsideration. <u>See</u> <u>Henderson v. Quarterman</u>, 2008 WL 818345 *4 (S.D. Tex. March 20, 2008). If such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to alter or amend under Rule 59(e). Fed.R.Civ.P. 59(e). If it is filed after twenty-eight days, it will be treated as a motion for relief from judgment under Rule 60(b). Fed.R.Civ.P. 60(b). <u>See</u> <u>Lawrence v. Slidell Welding Service, Inc.</u>, 2011 WL 63875 *2 (E.D. La. Jan. 6, 2011). Potter's motion was filed more than twenty-eight days after entry of the order and judgment, and is thus treated as a Rule 60(b) motion.

> A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. ...

> The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. ... A district court must exercise its sound discretion in deciding a Rule 60(b) motion. ...

Id. (citations omitted).

Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic);
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Clause 6 has been called "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses."  Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 n.3 (5th Cir. 1981).

Potter does not indicate which of the six Rule 60(b) grounds he believes are relevant to his motion, and he has failed to show that any of the aforementioned grounds for relief from judgment exist.  He states that "this court had an obligation to review the record and find that staff did not follow proper BOP Policy

2

Statement procedures regarding suspended incident reports." This Court has previously found that Potter was afforded the required due process in his prison disciplinary proceedings. The Court also found that there was "some evidence" to show that Potter's urine sample tested positive for the presence of drugs, and that Potter did not present any claims to the contrary to the prison disciplinary board. Potter attempts only to re-litigate issues previously decided by the Court, without any evidence or law sufficient to substantiate a claim of manifest error. He has failed to set forth any grounds for relief under Rule 60(b). Accordingly,

    IT IS HEREBY ORDERED that the petitioner Randy Potter's Objections **(docket entry 20)** to the Order Adopting Report and Recommendation and Judgment, which the Court construes as a Motion for Relief from Judgment under Rule 60(b), is DENIED.

    SO ORDERED, this the 8th day of March, 2011.

    /s/ David Bramlette  
    UNITED STATES DISTRICT JUDGE